UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re GLEN ANDREW VALECK,

        Petitioner.               Case No. 06-12274
                                        HONORABLE PATRICK J. DUGGAN
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 19, 2006.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Before the Court is Petitioner's *pro se* "Complaint/Petition for Immediate Order for Issuance of Writ of Habeas Corpus for Release from (Illegal) Confinement," brought pursuant to the All Writs Act, 28 U.S.C. § 1651. In his complaint/petition, Petitioner challenges his 1975 convictions in the Circuit Court for Bay County, State of Michigan, for first-degree murder, MICH. COMP. LAWS ANN. § 750.316, and conspiracy to commit first-degree murder, MICH. COMP. LAWS ANN. § 750. 157a. Petitioner previously filed a petition for a writ of habeas corpus challenging these convictions pursuant to 28 U.S.C. § 2254. *See Valeck v. Bock*, Case No. 99-7288 (E.D. Mich. filed June 7, 1999). The previous petition was dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Valeck v. Bock,* Case No. 99-7288 (E.D. Mich. Feb. 4, 2000); *cert. of appealability denied*, Case No. 00-1582 (6th Cir. August 7,

1

.

2000); *cert. den.* 533 U.S. 934; 121 S. Ct. 2562 (2001). For the following reasons, the Court concludes that it must transfer this case to the Court of Appeals.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). The district court must transfer any second or successive petition the court of appeals has not approved, no matter how meritorious the claim(s) contained in the petition may be. *In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 2340 (1996).

Petitioner indicates that he is bringing the instant petition pursuant to 28 U.S.C. § 1651. A habeas petitioner's motion or filing should be construed as a second or successive habeas petition "'[w]hen the motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence.'" *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004)(quoting *Rodwell v. Pepe*, 324 F.3d 66, 70 (1st Cir. 2003)); *see also*, *Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002)(holding that, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254) Therefore, Petitioner cannot use Section 1651 to circumvent the AEDPA's prohibition on the filing of an unauthorized second or successive habeas petition. *Halliburton v. United States,* 59 Fed. Appx. 55, 56-57 (6th Cir. 2003)(holding that a federal prisoner could not use the All

Writs Act to circumvent the AEDPA's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255).

In the present case, Petitioner previously filed a habeas petition which this Court dismissed on the ground that it was barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d(1). The dismissal of a state prisoner's Section 2254 petition for failure to comply with the AEDPA's statute of limitations is considered an adjudication on the merits that renders any future petition challenging the same conviction a "second or successive" petition for the purpose of Section 2244(b). *Murray v. Greiner,* 394 F. 3d 78, 81 (2nd Cir. 2005). Petitioner's current application is therefore a second or successive petition for habeas relief for which he first must seek a certificate of authorization from the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

**IT IS ORDERED**, that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copy to:
Glen A. Valeck, #141109
Saginaw Correctional Facility
9625 Pierce Road
Freeland, MI 48623